**SINNETT LAW, APC.**
Wayne A. Sinnett, Esq. (SBN: 302987)
ws@sinlegal.com
3919 30th Street
San Diego, CA 92104
Tel: (619) 752-0703
Fax: (619) 330-2120

*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KENNETH FULLER, an individual,**<br><br>Plaintiff,<br><br>v.<br><br>**GREEN TREE SERVICING, LLC.,**<br><br>Defendant. | **Case No.:**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:**<br><br>**1.) THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.;**<br><br>**2.) THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.;**<br><br>**3.) THE CALIFORNIA CONSUMER CREDIT REPORTIONG AGENCIES ACT, CAL. CIV. CODE § 1785, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1.  The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692 *et seq.*, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses.

2.  The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.  The Legislature enacted the Rosenthal Fair Debt Collection Practices Act, ("RFDCPA") Cal. Civ. Code § 1788 *et seq.*, to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and prohibit debt collectors from engaging in unfair or deceptive acts and practices.

3.  Plaintiff, KENNETH FULLER, ("Plaintiff") brings this lawsuit to challenge the actions of Defendant, GREEN TREE SERVICING, LCC., ("Defendant") with regard to Defendant's unlawful debt collection practices and reporting of erroneous and derogatory information on Plaintiff's consumer credit report as that term is defined by Cal. Civ. Code § 1785, *et seq*. Defendant's willful and negligent failure to properly investigate the repeated disputes of Plaintiff concerning the invalid debt Defendant is reporting in Plaintiffs' file, and

Defendant's failure to correct such, which Defendant knew or should have known was erroneous and which caused Plaintiff damages.

4. Plaintiff alleges as follows upon personal knowledge as to Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorney.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid such violations.

7. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

8. Unless otherwise stated, all the conduct engaged in by Defendant occurred in the State of California.

## JURISDICTION AND VENUE

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692k, and 28 U.S.C. § 1367 for supplemental state law claims.

10. This action arises out of Defendant's violations of (i) The Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692, *et seq*.; (ii) The Rosenthal Fair Debt Collection Practices Act, ("RFDCPA") Cal. Civ. Code § 1788, *et seq*.; and (iii) The California Consumer Credit Reporting Agencies Act, ("CCRAA") Cal. Civ. Code § 1785, *et seq*.

11. The Court has personal jurisdiction over Defendant as Defendant conducts business within the State of California and has purposefully availed itself of the laws and markets of the State of California and this district.

///

12. Venue is proper in the United States District Court, Central District of California pursuant to 28 U.S.C. § 1391 as (i) Plaintiff resides in the County of Riverside, State of California, which is within this judicial district; and (ii) the conduct complained of herein occurred within this judicial district.

## PARTIES

13. Plaintiff, KENNETH FULLER, ("Plaintiff") is a natural person who resides in the City of Murrieta, County of Riverside, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by Cal. Civ. Code § 1788.2(h). In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Cal. Civ. Code § 1785.3(b).

14. Defendant, GREEN TREE SERVICING, LLC., ("GREEN TREE" or "Defendant") is a Delaware limited liability company with a principal place of business in Rapid City, South Dakota.

15. Defendant, in the ordinary course of business, regularly, on behalf of itself and others, engages in "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c) and 15 U.S.C. § 1692a(6). Such debt collection is conducted upon debts or alleged debts that are in default at they time they were acquired and/or assigned to Defendant.

16. This case involves money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) and a "debt" as the term is defined by 15 U.S.C. § 1692a(5).

17. The causes of action stated herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(c), in that

inaccurate credit information was furnished by Defendant to a "consumer credit reporting agency," as that term is defined by Cal. Civ. Code § 1785.3(d), regarding specific transactions and/or experiences pertaining to Plaintiff and Plaintiff's credit worthiness, credit standing, and credit capacity. Such credit information was used or was expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiffs' eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

18. Defendant is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j)

## FACTUAL ALLEGATIONS

19. At all times relevant, Plaintiff was an individual residing within the State of California.

20. All correspondence from Defendant was sent to Plaintiff at an address located within the State of California.

21. All contractual agreements referenced herein were entered into and executed within the State of California.

22. In May of 2004, Plaintiff purchased a vacation home located at 851 Paso Drive, Lake Havasu City, AZ (the "Property"). Plaintiff purchased the Property with a mortgage from Countrywide Home Loans, Inc. that was secured by a Deed of Trust (the "Mortgage").

23. The Mortgage listed Plaintiff's, or borrower's, address as 38937 Cherry Point Lane, Murrieta, CA 92563 and the lender's address as PO Box 10423 Van Nuys, CA 91410-0423.

24. The Mortgage was negotiated, entered into, executed, and notarized within the State of California.

25. The Mortgage was later sold or otherwise transferred from Countrywide to Bank of America, NA. After purchasing the Mortgage, Bank of America, NA.

assigned the "right to collect payments" to Defendant, GREEN TREE, on or about September 16, 2012. [*See* Notice of Assignment, Exhibit 1].

26. The terms of the Mortgage required Plaintiff make monthly payments due on the first of every month. Prior to the Mortgage's assignment to Defendant, Plaintiff had defaulted on the Mortgage payments and at the time of the Mortgage's assignment to Defendant the Mortgage had been "in default" in excess of three billing cycles or ninety (90) days.

27. The Notice of Assignment states, "This communication is from a **debt collector**. It is an attempt to collect a debt, and any information obtained will be used for that purpose." This language *appears twice* and in two separate locations on the Notice. Other correspondence sent by Defendant also contains that statement or, a similar statement, which expressly states Defendant is a "debt collector."

28. Defendant purports to be a loan "servicer." However, Defendant's true status as a debt collector has been well documented through deposition testimony of two of its employees in *Castro v. Green Tree Servicing*.[1] Deposition testimony in *Castro* revealed that Defendant employs "collectors" who collect on "portfolios" of debt just as any other garden-variety debt collector. In fact, the loan at issue in *Castro* was part of such a "portfolio" of Bank of America mortgages, like Plaintiff's, which was assigned in August of 2009, within a mere month of Plaintiff's loan being similarly assigned.

29. On this basis, Plaintiff is informed, believes, and thereon alleges that the Mortgage was assigned to Defendant as part of a "portfolio" of defaulted mortgages and was assigned for the sole purpose of debt collection.

30. The Notice of Assignment Defendant sent to Plaintiff on or about September 28, 2012 was an "initial communication" as that term is defined by 15 U.S.C.

---

[1] See *Castro v. Green Tree Servicing LLC*, 959 F. Supp. 2d 698, 703 (S.D.N.Y. 2013).

§ 1692g. Defendant failed to send Plaintiff the required validation notice within five (5) days of the initial communication as required by 15 U.S.C. § 1692g.

31. Through this conduct, Defendant violated 15 U.S.C. § 1692g by failing to send Plaintiff, within five days of the initial communication, a written notice containing: (i) the amount of the debt; (ii) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (iii) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (iv) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

32. After the "right to collect payments" was assigned to Defendant, Plaintiff continued to have difficulty making payments on the Mortgage and Defendant continually threatened foreclosure.

33. On or about March 29, 2013 and April 21, 2013, Plaintiff sent two checks to Defendant in an effort to bring the Mortgage current.

34. Defendant refused these checks stating that it would only accept cashier's checks from Plaintiff because the Mortgage was in default. Defendant's employee "Amanda" stated to Plaintiff that the checks would not be deposited but rather the checks would be returned to Plaintiff.

35. On or about June 28, 2013, Plaintiff then sent Defendant the requested cashier's check of approximately $6,795.75. Defendant's employee stated the cashier's check was sufficient to bring the Mortgage "current."

36. Plaintiff then immediately placed the Property on the market. The Property sold soon thereafter with escrow closing and the sale becoming final on July 24, 2013.

37. Prior to the close of escrow, Plaintiff requested a "Payoff Demand Statement" as that term is defined by Cal. Civ. Code § 2943(a)(5). On or about July 17, 2013, Defendant tendered Plaintiff a Payoff Demand Statement that stated $205,107.55 was the amount required to "pay off" the Mortgage. The Payoff Demand Statement also stated the pay off amount was valid though July 27, 2013. [*See* Payoff Demand Statement, Exhibit 2]

38. Upon the close of escrow on July 24, 2013, Plaintiff tendered the requested $205,107.55 to Defendant through a wire transfer. [*See* Wire Transfer Request, Exhibit 3]

39. The amount of the Mortgage's payoff is corroborated by the "HUD-1 Settlement Statement" prepared by the escrow company, Stewart Title and Trust of Phoenix, Inc. [*See* HUD-1 Settlement Statement, Exhibit 4]

40. Cindy Hyde, the escrow officer who handled the escrow, has also confirmed the Mortgage's payoff amount as $205,107.55, that Defendant was in fact paid that amount in full via a wire transfer, and that Defendant is not owed any amount under the Mortgage.

41. On Sep 18, 2013, Defendant executed a "Release and Full Reconveyance" which stated in relevant part:

> "WHEREAS, the indebtedness secured by the Deed of Trust EXECUTED BY: KENNETH FULLER… **HAS BEEN FULLY PAID**.
>
> NOW, THEREFORE,… the Beneficiary under said Deed of Trust does hereby **release** and reconvey,

without warranty, express or implied, unto the parties legally entitled thereto **all rights, title and interest** which was heretofore acquired by said Deed of Trust…" [*See* Release and Reconveyance, Exhibit 5].

42. The Release and Reconveyance was filed and recorded with the Mohave County Recorder's Office on September 24, 2013.

43. Despite the debt having been "fully paid" and "all rights, title and interests" being released, Defendant soon thereafter attempted to deposit the two checks dated March 29, 2013 and April 21, 2013 which Defendant's employee "Amanda" stated would be returned to Plaintiff.

44. At the time Defendant attempted to deposit the checks there was no outstanding debt or enforceable contract as the Mortgage had been paid in full and released by Defendant.

45. Through this conduct, Defendant violated 15 U.S.C. § 1692e by making false, deceptive, and misleading representations in connection with the collection of a debt, 15 U.S.C. § 1692e(2) by making false representations regarding the character, amount or legal status of a debt, 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt, 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt, and 15 U.S.C. § 1692f(1) by attempting to collect an amount not expressly authorized by the agreement creating the debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

46. On November 4, 2013, Defendant attempted to reinstate a lien and security interest in the Property by effecting a recession of the Release and Reconveyance. The purported "recession" was filed with the Mohave County Recorder's Office on December 10, 2013. [*See* Rescission of Release, Exhibit

6].

47. Defendant completely lacked legal and contractual grounds to reinstate a lien or security interest in the Property.

48. To begin, Defendant itself stated the debt has been "FULLY PAID" and a full release of contractual obligations under the Deed of Trust had been effected and later recorded with the Mohave County Recorder's Office.

49. Moreover, even if there were an outstanding balance on the account it would not be secured by the lien, security interest in the property, or a Deed of Trust. Rather, the balance would be an unsecured debt pursuant to Cal. Civ. Code § 2943 *et seq.* As stated *supra*, Defendant sought $205,107.55 in its Payoff Demand Statement and Plaintiff tendered that amount in full at the close of escrow. Thus, any amount that Defendant contends is due and owing after the close of escrow would have been omitted from the Payoff Demand Statement. Pursuant to Cal. Civ. Code 2943(d)(3), any such sum omitted from a payoff demand statement is relegated to an "unsecured obligation."

50. Defendant therefore attempted to reinstate the Deed of Trust, a lien, and a security interested against the Property without contractual or legal authority to take such action.

51. Through this conduct, Defendant violated 15 U.S.C. § 1692e by making false, deceptive, and misleading representations in connection with the collection of a debt, 15 U.S.C. § 1692e(2) by making false representations regarding the character, amount or legal status of a debt, 15 U.S.C. § 1692e(4) by the representation or implication that nonpayment of a debt could result in the seizure, attachment, or sale of property, 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt, and 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ.

1    Code § 1788.17.

2    52.  After attempting to reinstate the Deed of Trust, a lien, and a security interest

3    against the Property Defendant sent Plaintiff a series payment demands on the

4    Mortgage. All, or nearly all, of these debt collection letters inexplicably state

5    different amounts purportedly due under the Mortgage

6    53.  The first of these demands was sent on April 18, 2014. [*See* April 18, 2014

7    Letter, Exhibit 7]. This letter yet again states Defendant is a "debt collector"

8    and the letter is "an attempt to collect a debt." The letter also demands

9    payment on the Mortgage stating a balance of $2,581.74 is due.

10   54.  Through this conduct, Defendant violated 15 U.S.C. § 1692e by making false,

11   deceptive, and misleading representations in connection with the collection of

12   a debt, 15 U.S.C. § 1692e(2) by making false representations regarding the

13   character, amount or legal status of a debt, 15 U.S.C. § 1692e(10) by using

14   false representations or deceptive means to collect or attempt to collect a debt,

15   15 U.S.C. § 1692f by using unfair or unconscionable means to collect or

16   attempt to collect a debt, 15 U.S.C. § 1692f(1) by attempting to collect an

17   amount not expressly authorized by the agreement creating the debt. These

18   sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17;

19   thus, Defendant also violated Cal. Civ. Code § 1788.17.

20   55.  On July 10, 2014, Defendant sent Plaintiff a "Monthly Billing Statement" [*See*

21   July Statement, Exhibit 8]. This statement again states Defendant is a "debt

22   collector" and states the outstanding balance on the Mortgage is $7,606.91.

23   The "Account Information" column of the letter states the principle balance

24   due on the mortgage is $1,591.43, the escrow balance is $24.33 and the late

25   fee balance is $42.24. However, the "Explanation of Amount Due" column

26   states the principle due is $0.00, the escrow balance is $0.00, and the late fee

27   balance is $0.00.

28   ///

56. The July Statement therefore states a balance due of approximately $1,658.00 in principle and fees, then states $0.00 is due in principle and fees, then somehow claims $7,606.91 is due and demands payment accordingly.

57. Through this conduct, Defendant violated 15 U.S.C. § 1692e by making false, deceptive, and misleading representations in connection with the collection of a debt, 15 U.S.C. § 1692e(2) by making false representations regarding the character, amount or legal status of a debt, 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt, 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt, and 15 U.S.C. § 1692f(1) by attempting to collect an amount not expressly authorized by the agreement creating the debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

58. The July Statement also makes three (3) separate references to "your mortgage" and further threatens that "you are late on your mortgage payments. Failure to bring your loan current may result in fees and foreclosure [and] the loss of your home."

59. At the time the July Statement was sent, the Mortgage had been paid in full and all contractual obligations released by Defendant. Moreover, even if there were any remaining balance on the Mortgage it would have been omitted from the Payoff Demand Statement. Pursuant to Cal. Civ. Code 2943(d)(3), any such sum omitted from a payoff demand statement is relegated to an "unsecured obligation."

60. A "mortgage" is defined by Blacks Law Dictionary as "a *lien against property* that is granted to secure an obligation (such as a debt) and that is extinguished upon payment or performance according to stipulated terms."[2]

///

_____

[2] MORTGAGE, Black's Law Dictionary (10th ed. 2014)

61. Under Cal. Civ. Code 2943(d)(3), no secured obligation or "mortgage" existed in relation to Plaintiff or the Property at the time the July Statement was sent by Defendant. However, the letter states multiple times that the debt is a "mortgage" and threatens Plaintiff with foreclosure and loss of his home.

62. Through this conduct, Defendant violated 15 U.S.C. § 1692e by making false, deceptive, and misleading representations in connection with the collection of a debt, 15 U.S.C. § 1692e(2) by making false representations regarding the character, amount or legal status of a debt, 15 U.S.C. § 1692e(4) by the representation or implication that nonpayment of a debt could result in the seizure, attachment, or sale of property, 15 U.S.C. § 1692e(5) by the threat to take any action that cannot legally be taken or that is not intended to be taken, 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt, and 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

63. On August 10, 2014, Defendant sent Plaintiff another "Monthly Billing Statement" that was identical, or nearly identical, to the July statement. [*See* August Statement, Exhibit 9].

64. Plaintiff incorporates by reference paragraphs 55 though 62 of this Complaint and the allegations contained therein as if stated fully herein with respect to the August 10, 2014 Statement.

65. On September 10, 2014, Defendant sent Plaintiff yet another "Monthly Billing Statement" which was identical, or nearly identical, to the July statement. [*See* September Statement, Exhibit 10].

66. Plaintiff incorporates by reference paragraphs 55 though 62 of this Complaint and the allegations contained therein as if stated fully herein with respect to the September 10, 2014 Statement.

67. Each of the Monthly Billing Statements also claim interest is accruing at a rate of six (6) percent. However, each of the monthly statements spanning three months show no change in the balance due; thus, no interest was in fact accruing nor was interest accruing at a rate of six (6) percent.

68. Through this conduct, Defendant violated 15 U.S.C. § 1692e by making false, deceptive, and misleading representations in connection with the collection of a debt, 15 U.S.C. § 1692e(2) by making false representations regarding the character, amount or legal status of a debt, 15 U.S.C. § 1692e(5) by the threat to take any action that cannot legally be taken or that is not intended to be taken, 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt, and 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

69. On September 4, 2014, Defendant sent Plaintiff a "Notice of Default" [*See* Notice of Default, Exhibit 11].

70. Defendant's practice of sending Notices of Default is described through deposition testimony in *Castro* wherein Defendant's employees described the notices as a discretionary means of cajoling consumers into initiating contact with Defendant. The notices are debt collection letters rather than "notices" and do not reflect an account's status with respect to default.

71. The Notice of Default sent to Plaintiff stated the total amount due on the Mortgage was $7,629.01. However, six (6) days later Defendant sent Plaintiff a Monthly Billing Statement stating the total amount due was only $7,606.91.

72. Through this conduct, Defendant violated 15 U.S.C. § 1692e by making false, deceptive, and misleading representations in connection with the collection of a debt, 15 U.S.C. § 1692e(2) by making false representations regarding the character, amount or legal status of a debt, 15 U.S.C. § 1692e(10) by using

false representations or deceptive means to collect or attempt to collect a debt, and 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

73. The Notice of Default also states the debt is a "Credit Transaction: Loan Secured by Real Property" and that failure to pay may result in "foreclosure on the real property securing the account."

74. At the time the Notice of Default was sent the Mortgage had been paid in full and all contractual obligations had been released by Defendant. Moreover, Under Cal. Civ. Code 2943(d)(3), no secured obligation, "mortgage," or "loan secured by real property" existed in relation to Plaintiff or the Property. Defendant had no legal or contractual authority to represent Plaintiff was indebted by a loan secured by real property or that any of Plaintiff's property could be foreclosed upon.

75. Through this conduct, Defendant violated 15 U.S.C. § 1692e by making false, deceptive, and misleading representations in connection with the collection of a debt, 15 U.S.C. § 1692e(2) by making false representations regarding the character, amount or legal status of a debt, 15 U.S.C. § 1692e(4) by the representation or implication that nonpayment of a debt could result in the seizure, attachment, or sale of property, 15 U.S.C. § 1692e(5) by the threat to take any action that cannot legally be taken or that is not intended to be taken, 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt, and 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

///

76. The FDCPA (15 U.S.C § 1692 *et seq.*) and the RFDCPA (Cal. Civ. Code § 1788 *et seq.*) violations alleged herein are not based upon actual foreclosure proceedings initial by Defendant as no such proceedings were initiated after the sale of the Property on July 24, 2013. Rather, Plaintiff bases such allegations on the false, inaccurate, and misleading representations that: (i) Plaintiff owed a debt when in fact the Mortgage had been paid in full and released by Defendant, (ii) Plaintiff owed a "mortgage" secured by real property, and (iii) failure to pay such alleged debt would result in the sale, forfeiture, or foreclosure of Plaintiff's property.

77. Defendant has continually engaged in the conduct stated herein in matter that constitutes a continuing pattern of conduct that violates multiple provisions of the FDCPA (15 U.S.C § 1692 *et seq.*) and the RFDCPA (Cal. Civ. Code § 1788 *et seq.*).

78. Defendant has also furnished false and inaccurate credit information regarding the Mortgage to "consumer credit reporting agencies" as the term is defined by Cal. Civ. Code § 1785.3(d).

79. Sometime after July 24, 2013, Defendant began furnishing credit information to consumer credit reporting agencies stating Plaintiff owed an outstanding and delinquent debt on the Mortgage when in fact the Mortgage had been paid in full and all contractual obligations had been released by Defendant.

80. Through this conduct, Defendant has violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer credit reporting agencies that Defendant knew or should have known was inaccurate and/or incomplete.

81. Through this conduct, Defendant has also violated 15 U.S.C. § 1692e by making false, deceptive, and misleading representations in connection with the collection of a debt, 15 U.S.C. § 1692e(2) by making false representations regarding the character, amount or legal status of a debt, 15 U.S.C. § 1692e(8) by communication or threatening to communicate to any person credit

information which is known or which should be known to be false, 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt, and 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

82. Sometime after July 24, 2013, Defendant furnished credit information to consumer credit reporting agencies stating Plaintiff owed an outstanding and delinquent debt on a "conventional real estate mortgage" when in fact the Mortgage had been paid in full and all contractual obligations, including the Deed of Trust, had been released by Defendant. Moreover, pursuant to Cal. Civ. Code § 2943, even if such a debt was owed it would not be a secured debt nor would it be a "mortgage" which is defined as "a *lien against property* that is granted to secure an obligation (such as a debt) and that is extinguished upon payment or performance according to stipulated terms." Thus, the information furnished by Defendant is inaccurate, incomplete, and misleading as any sum asserted to be due under the account would not be secured by a lien on real property or any similar security interest and therefore could not accurately be characterized as a "mortgage."

83. Through this conduct, Defendant has violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer credit reporting agencies that Defendant knew or should have known was inaccurate and/or incomplete.

84. Through this conduct, Defendant has also violated 15 U.S.C. § 1692e by making false, deceptive, and misleading representations in connection with the collection of a debt, 15 U.S.C. § 1692e(2) by making false representations regarding the character, amount or legal status of a debt, 15 U.S.C. § 1692e(8) by communication or threatening to communicate to any person credit information which is known or which should be known to be false, 15 U.S.C.

§ 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt, and 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

85. Sometime after July 24, 2013, Defendant furnished credit information to consumer credit reporting agencies stating Plaintiff owed conflicting balances. Defendant reported a balance due of $1,591.00 to Experian while reporting a balance due of $1,559.00 to Trans Union and Equifax. Moreover, Defendant has reported a "past due" balance of $2,342.00 to all three consumer credit reporting agencies which contradicts the $1,591.00 and $1,559.00 reported balances and is at complete odds with the $7,606.91 balance Defendant claims is due in three separate Monthly Billing Statements which were send while Defendant was furnishing said credit information.

86. Through this conduct, Defendant has violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer credit reporting agencies that Defendant knew or should have known was inaccurate and/or incomplete.

87. Through this conduct, Defendant has also violated 15 U.S.C. § 1692e by making false, deceptive, and misleading representations in connection with the collection of a debt, 15 U.S.C. § 1692e(2) by making false representations regarding the character, amount or legal status of a debt, 15 U.S.C. § 1692e(8) by communication or threatening to communicate to any person credit information which is known or which should be known to be false, 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt, and 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

88. Sometime after July 24, 2013, Defendant furnished credit information to consumer credit reporting agencies stating Plaintiff's first date of delinquency was July of 2013. This information is inaccurate as Plaintiff was delinquent, and the Mortgage was in default, months before the Mortgage's assignment to Defendant in September of 2012.

89. Defendant has attempted to "re-age" the debt by reporting a more recent delinquency date. The information furnished by Defendant is inaccurate, incomplete, and misleading because it effectively extends the time the debt may be reported on Plaintiff's credit and has a greater derogatory effect on Plaintiff's credit score because more recent delinquencies are allocated greater weight in calculating a consumer's credit score.

90. Through this conduct, Defendant has violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer credit reporting agencies that Defendant knew or should have known was inaccurate and/or incomplete.

91. Through this conduct, Defendant has also violated 15 U.S.C. § 1692e by making false, deceptive, and misleading representations in connection with the collection of a debt, 15 U.S.C. § 1692e(2) by making false representations regarding the character, amount or legal status of a debt, 15 U.S.C. § 1692e(8) by communication or threatening to communicate to any person credit information which is known or which should be known to be false, 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt, and 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

92. The instances of Defendant furnishing false, inaccurate, and incomplete credit information described herein has caused damage to Plaintiff's credit score, credit worthiness, credit standing, and credit capacity and has prevented

Plaintiff from obtaining extensions of credit including, but not limited to, securing a mortgage for the purchase of a home.

### FIRST CAUSE OF ACTION FOR VIOLATIONS OF
### THE FAIR DEBT COLLECTION PRACTICES ACT
### ("FDCPA") 15 U.S.C. § 1692 ET SEQ.

93. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

94. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 *et seq*.

95. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount of up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

### SECOND CAUSE OF ACTION FOR VIOLATIONS OF
### THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### ("RFDCPA") CAL. CIV. CODE § 1788, ET SEQ.

96. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

97. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

98. Cal. Civ. Code § 1788.17 incorporates the FDCPA (15 U.S.C. § 1692b through 1692j). Therefore, each of stated violations of the FDCPA also constitutes a violation of the RFDCPA (Cal. Civ. Code § 1788.17).

99. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for knowing or willful violations in the amount of up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorneys fees and

costs pursuant to Cal. Civ. Code § 1788.30(c).

## THIRD CAUSE OF ACTION FOR VIOLATIONS OF
## THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT
## ("CCRAA") CAL. CIV. CODE § 1785, ET SEQ.

100. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

101. The foregoing acts and omissions constitute numerous and multiple violations of the CCRAA.

102. In the regular course of its business operations, Defendant routinely furnishes information to consumer credit reporting agencies pertaining to transactions between Defendant and consumers, so as to provide information to a consumer's credit worthiness, credit standing, and credit capacity.

103. Because Defendant is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Defendant is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if Defendant knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).

104. Defendant knew or should have known the credit information it reported regarding Plaintiff and the Mortgage was inaccurate and/or incomplete because Defendant received payment for the Mortgage in full consistent with the Payoff Demand Statement Defendant provided and Defendant executed a full release of the Mortgage and all related contractual obligations. Moreover, Defendant knew Plaintiff did not owe a secured debt or a "mortgage" as Defendant knew of the sale of the Property, the respective close of escrow, the Payoff Demand Statement, and Release and Reconveyance. Thus, Defendant violated Cal. Civ. Code § 1785.25(a) though is furnishing of credit information as described herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1);

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a);

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a) and 1785.31(a)(2)(A);

- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

- An award of statutory damages of $5,000.00 per violation, pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3),

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1785.31(a)(1) and 1785.31(a)(2)(A);

- That the Court preliminarily and permanently enjoin Defendant from engaging in the unlawful debt collection and credit reporting practices stated herein.

- Any and all other relief that this Court deems just and proper.

///
///
///
///

Dated: June 18, 2015                    Respectfully submitted,

                                        **SINNETT LAW, APC**

                                        By: /s/ WAYNE A. SINNETT
                                        WAYNE A. SINNETT, ESQ.
                                        ATTORNEY FOR PLAINTIFF


## TRIAL BY JURY

105.  Pursuant to the Seventh Amendment to the Constitution of the United States
      of America, Plaintiff is entitled to, and demands, a trial by jury.


Dated: June 18, 2015                    Respectfully submitted,

                                        **SINNETT LAW, APC**

                                        By: /s/ WAYNE A. SINNETT
                                        WAYNE A. SINNETT, ESQ.
                                        ATTORNEY FOR PLAINTIFF